**The document below is hereby signed.**

**Dated: March 2, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SOOHYUN KOO and CASEY J.       )    Case No. 12-00121
LARTIGUE, JR.,                 )    (Chapter 13)
                               )
          Debtors.             )
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING REQUIREMENT

The debtors' credit counseling certificate reflects that the debtors received the requisite counseling a few hours after the debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  The court issued an order directing the debtors to file an amended certificate of credit counseling, an amended Exhibit D, or to show cause why the case ought not be dismissed due to ineligibility under § 109(h).  The debtors filed a response which states in part:

> 1.  The debtors were attempting to enter into a short sale of their residence prior to the home being foreclosed upon by their mortgage company.
> 2.  The foreclosure was set for February 23, 2012 at 10:00 A.M.
> 3.  Up until the afternoon of February 22, 2012, they believed they were going to conduct the

>    short sale settlement prior to the foreclosure taking place.
> 4. During the afternoon of February 22, 2012 it became apparent that the settlement could not take place before the foreclosure.
> 5. At that point they contacted counsel in order to file this Chapter 13 bankruptcy.
> 6. They were unable to get the Credit Counseling certificates from the Credit agency prior to filing the bankruptcy, but were able to obtain them the same day as of the filing of the petition.

The debtors have not shown cause why this case ought not be dismissed.

I

With exceptions of no applicability here, 11 U.S.C. § 109(h)(1) requires an individual filing for bankruptcy to obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency "during the 180-day period ending on the date of filing of the petition . . . ."  As in the case of other provisions of the Bankruptcy Code, for example, 11 U.S.C. § 547(b)(4)(A), the "date of filing of the petition" in § 109(h)(1) has been interpreted by the majority of courts as referring to the moment of filing of the petition, not the entire calendar day on which the petition was filed.  *See In re Francisco*, 390 B.R. 700, 703-704 (10th Cir. B.A.P. 2008).  *But see, e.g., In re Hammonds*, 2008 WL 4830071 (Bankr. N.D. Ala. Sep. 22, 2008).

2

Although 11 U.S.C. § 109(h)(1) previously required that the required services (commonly referred to as "credit counseling") be obtained during the 180-day period "preceding the date of filing of the petition," instead of "ending on the date of filing of the petition," the change was made by the Bankruptcy Technical Corrections Act of 2010, Pub. L. 111-327, 124 Stat 3557 (Dec. 22, 2010).  That statute was intended to make merely technical corrections.  The statute contains no indication that the change to § 109(h)(1) was anything other than a technical amendment intended to clarify that, as held by the better reasoned decisions, the required prepetition credit counseling could be received up until the moment of filing of the bankruptcy petition, and need not be received prior to the calendar day on which the petition was filed.

Moreover, § 109(h)(1) addresses eligibility for bankruptcy relief, and eligibility is generally tested as of the moment of filing of the petition.  Section 109(h)(1) requires that the debtor "has . . . received" credit counseling (instead of requiring that the debtor "receives" credit counseling) during the 180-day period ending on the date of filing of the petition.  The statute's use of the past tense contemplates credit counseling obtained *before* the moment at which eligibility generally is tested, the moment of filing of the petition.

In providing an exception to when eligibility is tested, 11

3

U.S.C. § 109(h)(3) (discussed in part II, below) permits certain debtors to obtain credit counseling by a date that "is 30 days **after the debtor files a petition**" (emphasis added), further evidencing that the § 109(h)(1) requirement, when not excused under the balance of § 109(h), is a pre-filing requirement.

Finally, when the statute was originally enacted, the House Report indicated an intention "to require an individual--**as a condition of eligibility for bankruptcy relief**--to receive credit counseling within the 180 day period **preceding** the filing of a bankruptcy case by such individual." H.R. Rep. No. 109-31, at 54 (2005) (emphasis added). The Bankruptcy Technical Corrections Act of 2010 was written with that legislative history on the books, and treating § 109(h)(1) (as revised by the Bankruptcy Technical Corrections Act of 2010) as imposing a pre-filing requirement is consistent with that legislative history.

II

Pursuant to § 109(h)(3)(A), the court can waive the prepetition credit counseling requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before the debtor filed the petition, but was unable to obtain the necessary services within the seven-day period beginning on the

4

date on which the debtor made the request, and (iii) the court finds the certification satisfactory.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen-day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtors' certification on Exhibit D to the petition, and their response to the court's order to show cause, do not assert that the debtors were unable to obtain credit counseling within seven days of making the request.  (It may be inferred that they contacted no credit counseling agency other than the one that issued a certificate.)  As a result, the court need not address whether the circumstances qualify as exigent because the debtors cannot satisfy the requirement of § 109(h)(3)(A)(ii) and, consequently, are not entitled to a temporary waiver under § 109(h)(3)(A).

### III

Because the debtors did not obtain credit counseling prior to filing the petition, and because they do not qualify for an exigent circumstances waiver, they are not eligible to be debtors under § 109(h) of the Bankruptcy Code.  It is thus

ORDERED that the debtors' request for temporary waiver of the credit counseling requirement is DENIED.

An order of dismissal follows.

[Signed and dated above.]

Copies to: Debtors; Recipients of e-notification.

6